IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS B. NOVAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-203-STE ) |
| ANDREW M. SAUL,<br>**Commissioner of the Social Security Administration,** | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.      PROCEDURAL BACKGROUND

On March 29, 2017, Mr. Novak protectively filed for disability insurance benefits alleging a disability beginning January 1, 2016. (TR. 15). Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an

unfavorable decision on May 6, 2019. (TR. 12-23). The Appeals Council denied Plaintiff's request for review (TR. 1-3), making the ALJ's decision the final decision of the Commissioner. (TR. 1-6).

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Mr. Novak had not engaged in substantial gainful activity as defined in the regulations since his alleged onset date. (TR. 14). At step two, the ALJ determined Mr. Novak had severe impairments consisting of ischemic heart disease, acute myocardial infarction, hypertension, obesity and generalized anxiety disorder. (TR. 15).

At step three, the ALJ considered whether Mr. Novak's impairments were severe enough to meet the requirements of any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (TR. 15-16). The ALJ considered the Listings 4.04, Ischemic heart disease, and 12.06, Anxiety and obsessive-compulsive disorders, and determined the medical evidence of record did not demonstrate that Plaintiff's severe impairments met or equaled either listing. (TR. 15-16).

At step four, the ALJ concluded that Mr. Novak retained the residual functional capacity (RFC) to lift and carry up to 20 pounds occasionally and ten pounds frequently and to stand, walk and sit six hours in an eight-hour workday. The ALJ determined Mr. Novak could never climb ladders, ropes or scaffolds, but could frequently climb ramps

and stairs. Finally, the ALJ limited Mr. Novak to simple, routine repetitive tasks and occasional interaction with coworkers, supervisors and the public (TR. 16-17).

With this RFC, the ALJ concluded that Plaintiff could not perform his past relevant work. (TR. 22). But based on the testimony of the vocational expert (VE), the ALJ determined there were other jobs existing in sufficient numbers in the national economy that Mr. Novak could perform. (TR. 22). Given the limitations identified by the ALJ in a series of hypothetical questions, the VE identified three light, unskilled jobs from the Dictionary of Occupational Titles that a hypothetical person with Plaintiff's impairments could perform: night cleaner, laundry worker and router clerk. (TR. 23). At step five, the ALJ found the VE's testimony to be consistent with the information in the Dictionary of Occupational Titles and adopted the VE's testimony, concluding Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 25).

### III. ISSUE PRESENTED

Mr. Novak contends the ALJ erred in failing to properly evaluate the Medical Evidence of Record. Specifically, Mr. Novak contends the ALJ should have given deference to the records of Plaintiff's treating sources in accordance with Tenth Circuit case law decided prior to March 27, 2017. Defendant Commissioner contends that, because Congress expressly gave the Commissioner the authority to promulgate and implement a regulatory scheme governing the consideration of evidence in a disability case, the 2017 regulatory revisions abrogated prior case law to the contrary.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ANALYSIS

### A. Applicability of Treating Source Rule

Mr. Novak challenges the weight the ALJ afforded records and opinions of his treating physician. According to Mr. Novak, the change in the regulation regarding evaluation of medical opinions did not alter previously-decided Tenth Circuit case law requiring special deference be given to opinions of a claimant's treating physician. Mr. Novak contends these cases have not been specifically overruled and are still good law.

4

Before March 27, 2017, the regulations did provide for special handling of the opinions of acceptable treating source opinions:

> Treatment relationship. Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527.

On March 27, 2017, just before Mr. Novak applied for benefits, the current regulation became effective:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c. (effective March 27, 2017).

5

Mr. Novak's contention that the ALJ should have applied prior Tenth Circuit case law affording deference to treating physician opinions is without merit. The revised regulation abrogates prior case law to the contrary. By implementing 42 U.S.C. § 405(a), Congress assigned to the Commissioner the "full power and authority" to carry out the provisions of the SSA and to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of proofs and evidence" required to prove disability.

Further, the Supreme Court has limited review of regulations promulgated by the Commissioner; federal courts can review such regulations only to determine whether they are arbitrary, capricious or in excess of the Commissioner's authority. *See Bowen v. Yukert*, 482 U.S. 137, 145 (1987); *see also Chevron, U.S.A., Inc. v. Nat. Res. Def Council, Inc.*, 467 U.S. 837, 842-844 (1984) (legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute). The post March 27, 2017 regulations are a reasonable result of the Commissioner's rule-making authority. Accordingly, the ALJ did not misapply the regulations in this case. Moreover, the Court finds the ALJ's decision to be supported by substantial evidence in the record as a whole.

### B.   Support for ALJ's Decision

Mr. Novak points to the opinions of Dr. Todd Krehbiel, his primary physician, as opinions to which the ALJ should have afforded more weight. On March 27, 2017, Dr. Krehbiel stated Mr. Novak was "unable to work." (TR. 404). The ALJ rejected this opinion

6

on the ultimate issue of disability because such decisions must be determined by the ALJ. Moreover, the ALJ noted the opinion did not include functional limitations. (TR. 20).

Dr. Krehbiel completed a check-box form entitled "Medical Source Statement of Ability to do Work-Related Activities (Physical)" on November 2, 2018. (TR. 496-503). Dr Krehbiel checked boxes indicating Plaintiff could not lift any weight, could sit without interruption for eight hours, could stand for one hour and could walk for one hour. (TR. 497-498).

Dr. Krehbiel also completed a check-box form entitled " Medical Source Statement of Ability to do Work-Related Activities (Mental)." (TR. 503-505). On this form, Dr. Krehbiel checked boxes indicating several "extreme" limitations in areas such as ability to understand, remember and carry out complex instructions and make judgments on work decisions. However, Dr. Krehbiel did not include a written explanation for these findings, and the ALJ determined the findings were unsupported by his own treatment notes and other evidence in the record. (TR. 21). Having reviewed the record, the Court agrees with the ALJ concerning the weight given to Dr. Krehbiel's opinions.

Stephanie C. Crall, Ph.D., a consultative psychological examiner, reported that Mr. Novak had average mental abilities and adequate functioning for simple and some complex tasks. (TR. 422-423). But in view of Mr. Novak's self-reported limitations and his need for psychotropic medications, the ALJ's mental RFC was more restrictive than that suggested by Dr. Crall's report. The ALJ limited Plaintiff to simple, routine repetitive work with limited social interactions. (TR. 17, 20).

The ALJ's findings regarding Mr. Novak's physical and mental limitations are supported by substantial evidence in the record as a whole and are not overwhelmed by other evidence. Moreover, the ALJ applied the correct legal standards. Thus, the final decision of the Commissioner is affirmed.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on April 27, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE